JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ABERA KASSA,
Plaintiff,
v.
CAPELLA UNIVERSITY,
Defendant.

Case No. 2:26-cv-05449-FLA (Ex)

**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

**RULING**

On February 19, 2026, Plaintiff Abera Kassa ("Plaintiff") initiated this action against Defendant Capella University, LLC ("Defendant") in the Los Angeles County Superior Court, Case No. 26STCV05206. Dkt. 1-1 at 11–16 ("Compl.").[1] The Complaint alleges three causes of action: (1) breach of contract; (2) breach of implied covenant; and (3) promissory estoppel. *Id.* at 15. Plaintiff prays for the following: conferral of doctoral degree or reinstatement; compensatory damages; restitution of tuition; declaratory relief confirming completion; correction of academic records; costs; and interest. *Id.* at 15–16.

On May 20, 2026, Defendant removed the action to this court based on alleged diversity jurisdiction. Dkt. 1. In its Notice of Removal, Defendant alleges the court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and complete diversity exists between the parties. *Id.* at 3. On May 28, 2026, the court ordered the parties to show cause why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy ("Order to Show Cause"). Dkt. 9. Defendant filed the sole Response. Dkt. 11 ("Resp.").

Having reviewed the Notice of Removal and the Response to this court's Order to Show Cause, and for the reasons stated herein, the court finds Defendant fails to establish subject matter jurisdiction and REMANDS the action to the Los Angeles County Superior Court.

**DISCUSSION**

**I. Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by [the] Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of*

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

*Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction *sua sponte* before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). It is Defendant's burden as the removing party to justify this court's exercise of jurisdiction. *Id.* at 567.

**II. Analysis**

As the Complaint does not set forth a specific amount of damages, the amount in controversy cannot be determined from the face of the pleading. *See generally* Compl. Defendant contends the jurisdictional minimum is met because Plaintiff seeks repayment of his tuition, and his "Statement of Account" shows he paid a total of $109,679.00 in tuition. Dkt. 1 at 4; *see* Resp. at 3–7. Defendant attached the Statement of Account to the Notice of Removal and Response. *See* Dkt. 1-1 at 2–8; Dkt. 11-2 at 5–9.

Defendant argues "Plaintiff seeks to recoup his tuition payments in full" in the form of restitution. Resp. at 5. However, nowhere in the Complaint does Plaintiff

specify the amount of tuition payments he requests. *See generally* Compl. Moreover, the Statement of Account only shows $72,272.00 in "Graduate Tuition" fees paid. *See* Resp. at 6 n. 2. The other charges are not for coursework and instead are for "other educational fees, charges, or incidentals," including residency fees. Resp. at 6. "Contrary to Defendant's assertion, it is therefore unclear, based on the prayer for relief, if [P]laintiff seeks full restitution of all amounts paid, or some lesser amount." *Miranda v. Weaver Popcorn Co.*, Case No. 5:10-cv-00632-PA (RZx), 2010 WL 1929771, at *2 (C.D. Cal. May 12, 2010). Defendant offers no facts as to why Plaintiff seeks restitution in full of all payments made and does not otherwise support its conclusory allegations concerning the amount in controversy. Defendant has therefore not proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant also argues compensatory damages further increase the amount in controversy. Resp. at 7–9. In support of this contention, Defendant states Plaintiff seeks past earnings and "appears to seek [] lost future earnings...." Resp. at 8. However, Defendant provides no amounts for the various categories of damages Plaintiff prays for. *See generally* Resp.[2] A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). In relying entirely on the Statement of Account regarding tuition charges and restitution, Defendant offers no evidence of compensatory damages and, thus, fails to carry its burden. Without more, the court is unable to ascertain whether

---

[2] Defendant does not provide any estimate of Plaintiff's lost past or "unspecified" future earnings. *See* Resp. at 8–9; *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) ("[I]f a defendant provided no evidence or clearly inadequate evidence supporting its valuation for a claim, then it might be appropriate for a district court to assign that claim a $0 value.").

the amount in controversy exceeds $75,000.

Defendant further argues that because Plaintiff seeks "both past and future earnings—covering seven years and counting—this allegation alone likely satisfies the amount-in-controversy requirement." Resp. at 8. Many courts in this district have declined to project future lost wages beyond the date of removal. *See Ramirez v. Builder Servs. Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project lost wages past the date of removal.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not met its burden to demonstrate the amount in controversy meets the jurisdictional threshold by a preponderance of the evidence, as required for diversity jurisdiction. *See* 28 U.S.C. § 1332.

**CONCLUSION**

For the foregoing reasons, the court finds Defendant has failed to demonstrate the amount in controversy exceeds $75,000. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 26STCV05206. Defendant's Motion to Dismiss (Dkt. 6) and Plaintiff's Motion for Leave (Dkt. 18) are DENIED as moot. All dates and deadlines in this court are VACATED. The Clerk of the Court shall close the action administratively.

IT IS SO ORDERED.

Dated: August 3, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge